SCHUTTE et al. v. WEIR.

(Supreme Court, Appellate Term. June 11, 1908.)

1. CARRIERS—CARRIAGE OF GOODS—LIMITING LIABILITY—REDUCED RATES—
   STATUTES—INTERSTATE COMMERCE ACT.
       Interstate Commerce Act Feb. 4, 1887, c. 104, § 20, 24 Stat. 386 (U. S.
   Comp. St. 1901, p. 3169), as amended by Act June 29, 1906, c. 3591, § 7, 34
   Stat. 595 (U. S. Comp. St. Supp. 1907, p. 909), providing that a common
   carrier receiving property for interstate transportation shall be liable to
   the lawful holder of the receipt or bill of lading required to be given
   therefor for any loss, etc., of such property caused by it, etc., and no
   "contract, receipt * * * shall exempt" the carrier from such liability,
   makes it unlawful, by the device of a receipt or contract, to provide for
   a reduction of rates by exempting the carrier from liability in whole or
   in part, and contemplates the payment of the full loss sustained by the
   shipper, and an exemption from the full loss is violative of the statute,
   and a receipt stipulating that the carrier shall not be liable for more
   than $50, etc., is invalid.
       [Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 663–
   667.]

2. SAME—FRAUD OF SHIPPER.

　　Interstate Commerce Act Feb. 4, 1887, c. 104, § 10, 24 Stat. 382, as amended by Act·March 2, 1889, c. 382, § 2, 25 Stat. 857 (U. S. Comp. St. 1901, p. 3161), provides that a consignor who knowingly, by false representation, etc., obtains transportation for property at less than regular rates, shall be guilty of fraud, etc. Act Feb. 4, 1887, c. 104, § 20, 24 Stat. 386 (U. S. Comp. St. 1901, p. 3169), as amended by Act June 29, 1906, c. 3591, § 7, 34 Stat. 595 (U. S. Comp. St. Supp. 1907, p. 909), provides that no contract, etc., shall exempt a common carrier from the liability imposed by the section for loss, etc., of property caused by it, etc. A common carrier received goods for transportation without any representation of the shipper, and issued a receipt limiting the liability to $50. *Held*, that the shipper might recover the full value of the goods in case of their loss, though a shipper guilty of fraud cannot recover in case of a loss.

　　[Ed. Note.—For cases in point, see Cent. Dig. vol. 9, Carriers, §§ 663–667.]

3. SAME—VALIDITY OF STATUTORY REGULATION.

　　A statute which is reasonable in its provisions, and which seeks fairly to regulate the rates of transportation without discrimination, does not infringe any constitutional rights of a common carrier, engaged in a quasi public duty, and subject to governmental control.

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Richard Schutte and another, copartners, against Levi C. Weir, as president of the Adams Express Company. From a judgment for plaintiffs for less than the amount claimed, they appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and GIEGERICH and GREENBAUM, JJ.

Tipple & Plitt, for appellants.

Cravath, Henderson & DeGersdorff (Arthur W. Clement, of counsel), for respondent.

GREENBAUM, J. This action was brought to recover the sum of $430 damages for the loss of a bale of silk delivered to the defendant on March 15, 1907, for transportation from the borough of Manhattan, city of New York, to O. G. Hanks, Willimantic, Conn. Judgment was rendered for $50 in favor of plaintiffs, the appellants.

The delivery to the defendant, a common carrier of the bale of silk as above set forth, its loss, and its value in excess of $50, are admitted. The only question upon this appeal is whether the defendant's liability was limited to $50 by reason of the following printed stipulation in the receipt given to the shipper, to wit:

"In consideration of the rate charged for carrying said property, which is regulated by the value thereof and is based upon a valuation of not exceeding fifty dollars, unless a greater value is disclosed, the shipper agrees that the value of said property is not more than fifty dollars, unless a greater value is stated herein and that the company shall not be liable in any event for more than the value so stated nor for more than fifty dollars if no value is stated therein."

On the face of the receipt appear the words in red ink, "Value asked and not given," evidently impressed with a rubber stamp, and no sum or figure showing the charge for carrying said property is indicated therein. Plaintiffs contend that the Interstate Commerce

111 N.Y.S.—16

Act Feb. 4, 1887, c. 104, 24 Stat. 379 (U. S. Comp. St. 1901, p. 3154),
as amended by Act June 29, 1906, c. 3591, 34 Stat. 584 (U. S. Comp.
St. Supp. 1907, p. 892), which went into effect in August, 1906, ren-
ders defendant liable for the full value of the shipment. So far as
material to the issue, section 20 of said act provides as follows:

"That any common carrier, railroad or transportation company receiving
property for transportation from a point in one state to a point in another
state shall issue a receipt or bill of lading therefor and shall be liable to the
lawful holder thereof for any loss, damage or injury to such property caused
by it or by any common carrier, railroad or transportation company, to which
such property may be delivered, or over whose line or lines such property may
pass and no contract, receipt, rule or regulation shall exempt such common car-
rier, railroad or transportation company from the liability hereby imposed."
24 Stat. 386. c. 104, (U. S. Comp. St. 1901, p. 3169,) as amended by 34 Stat.
595, c. 3591, § 7 (U. S. Comp. St. Supp. 1907, p. 909)."

If effect is to be given to this enactment of Congress, "the receipt"
or "contract," given to the plaintiffs by the defendant, cannot "exempt"
the latter "from the liability" imposed by the act, to wit, "any loss,
damage or injury" to the property delivered to it by the plaintiffs.
The contract or receipt so far as it attempts to nullify the provision
of the law that the common carrier shall be liable "for any loss, dam-
age, or injury" must be treated as a nullity and void. The argument
by the defendant that the limitation of liability to $50 is not an "ex-
emption" within the meaning of the act cannot be sustained. The act
evidently contemplates the payment of the full loss or damage sustain-
ed by the shipper, and an exemption from the full loss or damage
would be violative of its plain meaning and spirit. A limitation of
liability would be a "partial exemption," and therefore within the
condemnation of the law. The plain purpose of the act was to make
it unlawful by the device of a receipt or contract, providing for a re-
duction of rates to exempt the carrier from liability in whole or in
part. The contract in that respect is to be disregarded, and the rights
of the shipper are to be considered as if no contract had been made.

But the fact that the contract of exemption shall be deemed void
would not imply that a shipper may recover if he has been guilty of
an act of misrepresentation or fraud, whether the common carrier
thereby was innocently and unconsciously led into an agreement to
quote a lower rate to the shipper than he would have been otherwise
entitled to or even where the misrepresentation was made with the
connivance or consent of the carrier to evade the provisions of the
act. In such a case, the shipper, being guilty of fraud, under the act,
must suffer the consequences that pursue the wrongdoer. Section
10 of the interstate commerce act (Act Feb. 4, 1887, c. 104, 24 Stat.
382, as amended by Act March 2, 1889, c. 382, § 2, 25 Stat. 857 [U. S.
Comp. St. 1901, p. 3161]) provides among other matters that a con-
signor or consignee "who shall knowingly and willfully by false bill-
ing, false classification, false weighing, false representation of the con-
tents of the package or false report of weight or by any other device
or means whether with or without the consent or connivance of. the
carrier, its agent or agents, obtain transportation for such property
at less than regular rates then established and in force on the line of

transportation, shall be deemed guilty of fraud, which is hereby declared misdemeanor, and shall upon conviction * * * be subject for each offense to a fine of not exceeding· five thousand dollars or imprisonment in the penitentiary for a term of not exceeding two years or both, in the discretion of the court." In the case at bar there is no evidence nor claim of fraud on the part of the plaintiffs. The defendant's agent received the goods without any statement or representation on the part of plaintiffs or their representatives, and nothing was said with respect to the rate to be charged for shipment. As pointed out, no value was given nor was any rate fixed. As no fraud on plaintiffs' part may be predicated from the proofs, it follows, the receipt being void as respects the limitation of liability to $50, the plaintiffs are entitled to recover the full value of the package, unless the act in question may be deemed unconstitutional. A statute which is reasonable in its provisions, and that seeks fairly to regulate the rates of transportation without discrimination, cannot be said to infringe the constitutional rights of a common carrier engaged in a quasi public duty and subject to governmental control. A similar question was involved in the case of Greenwald v. Weir and decided during the March term, 1908, 111 N. Y. Supp. 235, in accordance with the general views here expressed.

The judgment must be reversed, and a new trial ordered, with costs to appellants to abide the event. All concur.