### SILVERMAN v. WEIR.

(Supreme Court, Appellate Term. January 8, 1909.)

1. CARRIERS (§ 94*) — CARRIAGE OF GOODS — FAILURE TO DELIVER GOODS—EVIDENCE.

Evidence, in an action against an express company for damages for nondelivery of an express package, *held* to establish delivery of the package to the company.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 383; Dec. Dig. § 94.*]

2. CARRIERS (§ 35*) — CARRIAGE OF GOODS — LIMITATION OF LIABILITY—INTERSTATE SHIPMENT.

The limitation of liability to a specified amount in a receipt for an express package is invalid, when applied to an interstate shipment.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. § 94; Dec. Dig. § 35.*]

3. PLEADING (§ 67*)—DECLARATION—ANTICIPATING DEFENSES.

Where plaintiff sues for damages for nondelivery of an express package shipped for delivery in another state, he was not bound to negative a defense founded on the limitation in the receipt of the amount of damages, which limitation was invalid as to interstate shipments.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. § 139; Dec. Dig. § 67.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Kalman Silverman against Levi C. Weir, as president of the Adams Express Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GILDERSLEEVE, P. J., and BISCHOFF and GUY, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Cravath, Henderson & De Gersdorff (Arthur W. Clement, of counsel), for appellant.

Gustavus A. Rogers (Saul E. Rogers, of counsel), for respondent.

BISCHOFF, J. Delivery to the defendant express company was sufficiently established by the plaintiff's evidence. His employé, called as a witness, testified that the package in question was delivered to the same man who had taken goods for shipment by this company a few days before, that this assumed agent wore a badge indicating his employment by the company, and that he placed the package in an express wagon upon which was displayed the company's name. Concededly, the earlier shipment regularly came to the defendant's hands, and, if the identification of the agent in each instance as the same man was correct, a prima facie case of delivery was undoubtedly made out. We are not to say that the plaintiff's witness must have been mistaken in his identification of this individual, merely because of the assumed difference in the agent's signature upon the receipt for the goods in these two instances, since each signature was of such a hasty and illegible character as to afford little indication of anything. Upon the proof, therefore, the justice was well authorized to find the fact of a delivery to the carrier, and the plaintiff's case is in no way subject to the criticism applied to the facts in the case of Abrams v. Platt, 23 Misc. Rep. 637, 52 N. Y. Supp. 153, cited by the appellant.

As to the quantum of the recovery, the court properly declined to limit the damages to $50, it appearing that the shipment came within the provisions of the interstate commerce act—Act Feb. 4, 1887, c. 104, 24 Stat. 379 (U. S. Comp. St. 1901, p. 3154)—(Greenwald v. Weir [Sup.] 111 N. Y. Supp. 235; Schutte v. Weir [Sup.] 111 N. Y. Supp. 240), and the appellant cannot assail the propriety of this ruling upon the theory that the plaintiff failed to raise the question of the invalidity of the limitation clause at the trial. The plaintiff sued to recover his damages for nondelivery, and he was in no way bound to anticipate or to negative a defense founded upon this limitation in the receipt. Upon the facts, establishing a shipment for delivery in another state, this limitation became of no legal effect, with the result that the defense founded upon it necessarily failed, and our affirmance of the judgment involves no imposition of liability upon a ground foreign to the theory adopted at the trial.

The judgment should be affirmed, with costs. All concur.